**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| ADT LLC and The ADT Security Corporation )<br><br>Plaintiffs, )<br><br>v. )<br><br>Vivint, Inc. )<br><br>Defendant. ) | Civil Action No. 6:21-cv-687<br><br>**DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs ADT LLC and The ADT Security Corporation (collectively, "ADT" or "Plaintiffs") file this complaint for patent infringement against Vivint, Inc. ("Vivint" or "Defendant") alleging, based on ADT's own knowledge as to ADT and ADT's own actions, and based on information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1.      This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* including specifically 35 U.S.C. § 271, based on Vivint's willful infringement of U.S. Patent Nos. 8,976,937 ("the '937 Patent") and 9,286,772 (" the '772 Patent") (collectively "the Patents-in-Suit").

### THE PARTIES

2.      Plaintiff ADT LLC is a corporation existing under the laws of the state of Delaware having its principal place of business located at 1501 Yamato Road, Boca Raton, Florida 33431. ADT LLC is the operating entity that conducts the business of providing security, automation, and smart home solutions serving consumers and businesses in the United States.

3.      Plaintiff The ADT Security Corporation is a corporation existing under the laws of the state of Delaware having its principal place of business located at 1501 Yamato Road, Boca Raton, Florida 33431. The ADT Security Corporation is the current owner by assignment of each of the Patents-in-Suit.

4.      On information and belief, Vivint is a corporation existing under the laws of the state of Utah having its principal place of business at 4931 North 300 West, Provo, Utah 84604 and a regular and established place of business at 306c N Edward Gary St, San Marcos, TX 78666.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims herein arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* including 35 U.S.C. § 271.

6.      This Court has personal jurisdiction over Vivint in this action because Vivint has committed acts of infringement within the State of Texas and within this District through, for example, the sale of the Vivint Smart Hub and Vivint SkyControl panels, both online and from Vivint stores in this District.  Vivint regularly transacts business in the State of Texas and within this District.  Vivint engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided in this District and in Texas, and has purposefully established substantial, systematic, and continuous contacts within this District and should reasonably expect to be sued in a court in this District.  For example, Vivint has a regular and established place of business in this District, and has a registered agent for service of process in Texas.

7.      Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and l400(b).  Vivint has a regular and established place of business in this District,

including at least at 306c N Edward Gary St, San Marcos, TX 78666.  Vivint has committed acts

within this judicial district, giving rise to this action.  Vivint continues to conduct business in this

judicial district, including one or more acts of making, selling, using, importing and/or offering

for sale infringing products or providing support service to Vivint's customers in this District.

## ADT'S LONG HISTORY OF INNOVATION

8.      ADT is the largest and best-known provider of premises monitoring, security, and

automation services in the United States.  ADT has more than 300 locations, nine owned and

operated monitoring centers, and the nation's largest network of security professionals.

9.      ADT is a pioneer and leader in the field of residential and commercial security,

fire protection, and other alarm monitoring services.  Founded in 1874 as American District

Telegraph, ADT created the world's first residential security system.  a nighttime break-in at his

home, ADT's founder Edward Callahan created a telegraph-based "call-box" that would allow

him to signal for assistance to a central office.  He quickly connected 50 other homes in the

neighborhood, creating the first residential security system network.

10.     Shortly thereafter, in 1890, ADT introduced the first proactive security

monitoring and response service: "Roundsmen" made rounds each night of customers' homes, to

monitor the neighborhood and prevent crime before it happened.

11.     In the 1920s, ADT pioneered the concept of the Central Monitoring Center,

enabling thousands of customers to link to monitoring and protection every single day of the

year.  A hundred years later, ADT has nine company-owned central monitoring centers staffed

with ADT's professional monitors.  These centers are geographically distributed across the

United States.  This allows ADT to offer the most redundancy of any US-based monitoring

service, ensuring that critical monitoring and customer care services continue uninterrupted; even

when in the midst of an unprecedent pandemic such as COVID-19, or natural disasters like snow

storms or earthquakes.  These services have made ADT both a household name and an iconic American brand.

12.     ADT installs security panels and other devices, and provides 24/7 monitoring services to its customers through a network of local authorized dealers. ADT's authorized dealers are proud to be part of the ADT network, and ADT's products feature prominently on their websites. The Famous Blue Octagon yard sign, which customers plant in their front yards as a means of deterring burglars and enabling quick identification by first responders, now dots the yards of millions of customers' premises across the country.

13.     ADT also has a storied history of home-grown technological innovation, beginning with patents issued in 1908 for its groundbreaking "Fire Alarm Box," and "Call Box" inventions.  Since then, ADT has continued to significantly invest in American research and development and innovation, including by being awarded the Patents-in-Suit.

14.     ADT has won numerous industry awards in recognition of its technical innovation and the excellence of its associated professional services. For example, in April 2021, The Monitoring Association and *Security Sales & Integration Magazine* presented ADT with the 2021 TMA/SSI Monitoring Technology "Marvel" Award, which honors innovations in monitoring center technology.  ADT was recognized for its innovative software that gives customers access to ADT's 24/7 professional monitoring and emergency response with a simple swipe, tap, or voice command on their mobile phone, and the fact that ADT additionally notifies family and friends in case of an emergency, providing added reassurances at no additional cost. Also in 2021, ADT was the only alarm services company recognized in the Newsweek America's Most Trusted Brands Award, and the only alarm services company honored with a CES 2021 Innovation award.

15.     ADT also constantly invests in the development of cutting-edge technologies.  For example, ADT acquired I-View Now in 2019.  At the time, ADT noted that "helping to ensure customers' safety is our top priority for ADT, and by integrating I-View Now technology into our current protocols, we can enhance the effectiveness and efficiency of our extensive network of ADT owned and operated monitoring centers and help first responders focus on real emergencies.  I-View Now will function independently under the ADT umbrella, helping to provide both companies' current and future customers with the best experience possible."  Similarly, when discussing a joint partnership with CellBounce, ADT noted "There's been a tremendous collaboration between ADT, CellBounce and AT&T's engineering and development teams to enable this technology to work across platforms, serving not only ADT customers, but the entire home security industry operating on AT&T's network.  We're fully committed in ensuring CellBounce's success."

16.     ADT launched ADT Pulse in 2010, which allowed customers to access and control their home security and automation systems both remotely and via a number of different ADT control panels.  In 2019, ADT introduced Command and Control, which customers use to protect and automate their homes though the Command panel's interface and the Control mobile app.

## VIVINT'S INFRINGING PRODUCTS AND SERVICES

17.     On information and belief, Vivint introduced Vivint Sky (later known simply as the Vivint Home Security System) in June of 2014, a cloud-based smart home solution featuring the company's own control panel and software. https://www.securitysystemsnews.com/article/vivint-launches-own-panel-own-platform-new-solution.  Vivint co-founder Todd Pedersen touted Vivint's home-grown solution, noting that the company's intention was to "control anything and everything inside of the home."  *Id*.

18.     On information and belief, the Vivint Sky system includes the Vivint Smart Hub

and the Vivint SkyControl panel, which provides centralized control over the system, as well as a

smartphone application for remote access and control and a combination of door and window

sensors, motion detectors, appliance modules that could be used to remotely control, for

example, lamps or thermostats.  *See, e.g.,* https://www.slashgear.com/vivint-sky-hands-on-the-

smart-home-starts-learning-10332754/.

## THE PATENTS-IN-SUIT

19.     On March 10, 2015, U.S. Patent No. 8,976,937, entitled "Method and apparatus

for communication between a security system and a monitoring center," was duly and legally

issued by the United States Patent and Trademark Office.  A true and accurate copy of the '937

Patent is attached hereto as Exhibit A.

20.     On March 15, 2016, U.S. Patent No. 9,286,772, entitled "Security system and

method," was duly and legally issued by the United States Patent and Trademark Office.  A true

and accurate copy of the '772 Patent is attached hereto as Exhibit B.

## FIRST CAUSE OF ACTION
### (Infringement of the '937 Patent)

21.     ADT incorporates by reference and realleges each and every allegation of

Paragraphs 1 through 20 as if set forth herein.

22.     The ADT Security Corporation owns all right, interest, and title in and to the '937

Patent, including the sole and exclusive right to prosecute this action and enforce the '937 Patent

against infringers, and to collect damages for all relevant times.

23.     The '937 Patent generally describes a device capable of establishing two-way

voice communication with an operator at a monitoring center in response to an alarm event.

24.     As set forth in the attached non-limiting claim charts (Exhibits C and D), Vivint

has infringed and is infringing at least claims 1 and 12 of the '937 Patent by making, using,

offering to sell, importing, selling for importation, and/or selling after importation into the United States the Vivint Smart Hub and Vivint SkyControl panels.

25.     Vivint actively induces infringement of at least claims1 and 12 of the '937 Patent by continuing to make, use, sell, offer for sale, import, and/or sell for importation the Vivint Smart Hub and Vivint SkyControl panels with the intent that they be assembled and/or used in the United States by their customers in an infringing manner.  Vivint aids, instructs, or otherwise acts with the intent to cause an end user to infringe the '937 Patent by providing customers with instructions on how to assemble and/or use the Vivint Smart Hub and SkyControl panels in a manner that infringes the '937 Patent.  Vivint knows of the '937 Patent and knows that by making, using, offering to sell, importing, selling for importation, and/or selling after importation into the United States the Vivint Smart Hub and Vivint SkyControl panel, Vivint and/or its end users infringe claims 1 and 12 of the '937 Patent.

26.     ADT has been damaged as a result of the infringing conduct by Vivint alleged above. Thus, Vivint is liable to ADT in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

27.     Vivint has knowledge of the '937 Patent based at least on the filing of this Complaint. As of at least the filing of this Complaint, Vivint's infringing acts are and continue to be willful.

28.     Vivint's infringement of the '937 Patent has caused, and will continue to cause, ADT to suffer substantial and irreparable harm.

## SECOND CAUSE OF ACTION
### (Infringement of the '772 Patent)

29.     ADT incorporates by reference and realleges each and every allegation of Paragraphs 1 through 28 as if set forth herein.

30.     The ADT Security Corporation owns all right, interest, and title in and to the '772 Patent, including the sole and exclusive right to prosecute this action and enforce the '772 Patent against infringers, and to collect damages for all relevant times.

31.     The '772 Patent generally describes a security control device in wireless communication with local devices and a remote monitoring center that receives data from the local devices and transmits data regarding life safety and life style features to the monitoring center.

32.     As set forth in the attached non-limiting claim charts (Exhibits E and F), Vivint has infringed and is infringing at least claims 1, 2, 3, 4, 7, 8. 9 10, 11, 12, 13, 14, 15, 18, 19 and 20 of the '772 Patent by making, using, offering to sell, importing, selling for importation, and/or selling after importation into the United States the Vivint Smart Hub and Vivint SkyControl panels.

33.     Vivint actively induces infringement of at least claims 1, 2, 3, 4, 7, 8. 9 10, 11, 12, 13, 14, 15, 18, 19 and 20 of the '772 Patent by continuing to make, use, sell, offer for sale, import, and/or sell for importation the Vivint Smart Hub and Vivint SkyControl panels with the intent that they be assembled and/or used in the United States by their customers in an infringing manner.  Vivint aids, instructs, or otherwise acts with the intent to cause an end user to infringe the '772 Patent by providing customers with instructions on how to assemble and/or use the Vivint Smart Hub and SkyControl panels in a manner that infringes the '772 Patent.  Vivint knows of the '772 Patent and knows that by making, using, offering to sell, importing, selling for importation, and/or selling after importation into the United States the Vivint Smart Hub and Vivint SkyControl panel, Vivint and/or its end users infringe claims 1, 2, 3, 4, 7, 8. 9 10, 11, 12, 13, 14, 15, 18, 19 and 20 of the '772 Patent.

34.     ADT has been damaged as a result of the infringing conduct by Vivint alleged above. Thus, Vivint is liable to ADT in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

35.     Vivint has knowledge of the '772 Patent based at least on the filing of this Complaint. As of at least the filing of this Complaint, Vivint's infringing acts are and continue to be willful.

36.     Vivint's infringement of the '772 Patent has caused, and will continue to cause, ADT to suffer substantial and irreparable harm.

## JURY DEMAND

ADT hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, ADT requests that:

A.      The Court find that Vivint has directly infringed the Patents-in-Suit and hold Vivint liable for such infringement;

B.      The Court find that Vivint has indirectly infringed the Patents-in-Suit by inducing its customers to directly infringe the Patents-in-Suit and hold Vivint liable for such infringement;

C.      That, in accordance with 35 U.S.C. § 283, Vivint, and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, be enjoined from infringing the Patents-in-Suit;

D.      The Court award damages pursuant to 35 U.S.C. § 284 adequate to compensate ADT for Vivint's past infringement of the Patents-in-Suit, including both pre-and post-judgment interest and costs as fixed by the Court;

E.     The Court award ADT treble damages under 35 U.S.C. § 284 as a result of

Vivint's willful and deliberate infringement of the Patents-in-Suit;

F.     The Court declare that this is an exceptional case entitling ADT to its reasonable

attorneys' fees under 35 U.S.C. § 285; and

G.     The Court award such other relief as the Court may deem just and proper.


DATED:  June 29, 2021                    Respectfully submitted,

                                         PILLSBURY WINTHROP SHAW PITTMAN LLP


                             By:  /s/ Brian C. Nash
                                  Michael E. Zeliger (*pro hac vice forthcoming*)
                                  michael.zeliger@pillsburylaw.com
                                  Audrey Lo (*pro hac vice forthcoming*)
                                  audrey.lo@pillsburylaw.com
                                  Ranjini Acharya (*pro hac vice forthcoming*)
                                  ranjini.acharya@pillsburylaw.com
                                  2550 Hanover Street
                                  Palo Alto, CA 94304
                                  Telephone: (650) 233-4500
                                  Facsimile: (650) 233-4545

                                  Eric C. Rusnak (*pro hac vice forthcoming*)
                                  eric.rusnak@pillsburylaw.com
                                  1200 Seventeenth St NW
                                  Washington, DC 20036
                                  Telephone: (202) 663-8000
                                  Facsimile: (202) 663-8007

                                  Brian C. Nash (TX Bar No. 24051103)
                                  brian.nash@pillsburylaw.com
                                  401 Congress Avenue
                                  Suite 1700
                                  Austin, TX 78701-3797
                                  Telephone: (512) 580-9629
                                  Facsimile: (512) 580-9601

                                  *Counsel for Plaintiffs ADT LLC and The ADT Security
                                  Corporation*